# EXHIBIT K

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

-------------------------------------------------------------x

FIELDTURF USA INC., FIELDTURF INC.,    :
and FIELDTURF TARKETT SAS,    :

    : CIVIL ACTION FILE

         Plaintiffs,    :

     - against -    : NO.: 4:11-CV-0050

    :

TENCATE THIOLON MIDDLE EAST, LLC    :
f/k/a MATTEX LEISURE INDUSTRIES,    :
POLYLOOM CORPORATION OF AMERICA    :
d/b/a TENCATE GRASS NORTH AMERICA,    :
and TENCATE THIOLON B.V.,    :

    :

         Defendants.    :

-------------------------------------------------------------x

## PLAINTIFFS' OBJECTIONS AND RESPONSES
## TO DEFENDANTS' REQUESTS FOR PRODUCTION
## DIRECTED TO PLAINTIFFS

Plaintiffs FieldTurf USA Inc., FieldTurf Inc., and FieldTurf Tarkett SAS (collectively, "Plaintiffs" or "FieldTurf") hereby object and respond to the Requests for Production (the "Requests") served by Defendants TenCate Thiolon Middle East, LLC ("TenCate Middle East") Polyloom Corporation of America d/b/a TenCate Grass North America ("TenCate Grass"), and Ten Cate Thiolon B.V. (collectively, "Defendants" or "TenCate") as follows:

## GENERAL OBJECTIONS

A.    Defendants 143 document requests present a case study in abusive discovery.  FieldTurf objects to the Requests generally in that the entire set of 143 requests is grossly overbroad, unduly burdensome, harassing and vexatious, and out of all proportion to the scope of this lawsuit.  Indeed, read literally, the Requests would require the production of all documents maintained by FieldTurf for the period 2003 through the present.  FieldTurf will undertake its best efforts to respond to each request as outlined below, but the vast scope and scale of the Requests as a whole is grossly abusive.

B.    FieldTurf objects to each definition, instruction and request in the Requests to the extent that it purports to request documents that are protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or immunity from discovery.  Inadvertent production of any privileged document, or document otherwise protected from disclosure, shall not be deemed a waiver of any applicable privilege or work-product doctrine or ground for objection to discovery of such document.  FieldTurf expressly reserves the right to demand, in the event of any inadvertent production, that Plaintiff return and/or destroy any document inadvertently produced, and all copies and derivative works therefrom.

C.     FieldTurf objects to each definition, instruction and request in the Requests to the extent that it seeks documents that may be obtained more easily: (i) from personnel or documents in the possession, custody or control of Defendants or their agents; (ii) from third parties; (iii) from any other source that is more convenient, less burdensome or less expensive than the Requests; or (iv) from publicly available documents or records.

D.     FieldTurf objects to each of the Requests to the extent that it is duplicative of any other Request.  Where a document is reasonably responsive to more than one of the Requests, FieldTurf will produce only one copy of that document.

E.     FieldTurf objects to each definition, instruction and request in the Requests to the extent it purports to require FieldTurf to produce documents that are not within its possession, custody or control.

F.     FieldTurf objects to each definition, instruction and request in the Requests to the extent that it seeks or would impose greater obligations than provided for by the Federal Rules of Civil Procedure or the the Rules of this Court.

G.     FieldTurf objects to each definition, instruction and request in the Requests to the extent that it seeks production of documents that are not material and necessary to the prosecution or defense of this action.

H.     FieldTurf reserves the right to further supplement, amend or modify its responses and objections to the Requests as discovery proceeds. FieldTurf also reserves the right to supplement its document production as new documents are discovered.

I.     A statement that FieldTurf will produce documents in response to a particular request is not to be construed as an admission that any responsive document exists but solely as a representation that FieldTurf will endeavor to produce (consistent with and subject to these General Objections and any specific objections) any non-privileged responsive documents within its possession, custody or control.

J.     FieldTurf intends no incidental or implied admissions by these responses or any document production in connection with these responses. FieldTurf objects to the Requests to the extent that they contain inaccurate, incomplete or misleading descriptions of the facts, persons, relationships, events and pleadings underlying this action.  Any response or production of documents shall not constitute FieldTurf's agreement with, or acquiescence in, any such description or characterization.

K.     In making these responses and objections to the Requests, FieldTurf does not in any way waive or intend to waive but rather intends to

4

preserve and is preserving:  (a) all objections as to competence, relevance and materiality of any documents, responses or information provided in response to the Requests; (b) all rights to object on any ground at any further proceedings in this action to the use of any of the documents, responses or information provided in response to the Requests; and (c) all rights to object on any ground to the request for further responses to the Requests or any other requests.

L.     FieldTurf objects to Instruction A insofar as it requires FieldTurf to produce all documents responsive to the Requests within 30 days. Given the number and breadth of the Requests, it is not possible for FieldTurf to complete its production within 30 days.  Pursuant to the agreement between the parties, FieldTurf will begin producing responsive documents on a rolling basis within 30 days of the service of the Requests, and will make a good make effort to complete its production within 60 days.

M.     FieldTurf objects to Instruction M insofar as it requires the production of original documents.  FieldTurf will produce copies of responsive documents, as is permitted by Rule 34 of the Federal Rules of Civil Procedure.

N.     FieldTurf objects to Definition D as vague, ambiguous and overbroad insofar as it defines "Evolution Fibers" to refer to fiber other than Evolution 3GS and any prior versions thereof.   Where FieldTurf uses the term

"Evolution" in its responses, that term shall refer only to Evolution 3GS and any prior versions thereof.

O.    FieldTurf objects to Definition P as vague, ambiguous and overbroad insofar as it defines "Evolution Turf" to refer to synthetic turf products manufactured with anything other than Evolution 3GS and any prior versions thereof.

P.    FieldTurf objects to Definition Q as vague, ambiguous and overbroad insofar as the definition of "Non-Evolution Fibers" is dependent upon the definition of "Evolution Fibers" which, as set forth in General Objection L above, is itself vague and overbroad.

Q.    FieldTurf objects to Definition R as vague, ambiguous and overbroad insofar as the definition of "Non-Evolution Turf" is dependent upon the definition of "Evolution Turf" which, as set forth in General Objection M above, is itself vague and overbroad.

R.    FieldTurf objects to each of the Requests that reference the "Evolution Marks" to the extent that it incorrectly assumes FieldTurf's use of the Evolution Marks in promoting, marketing, advertising or selling TenCate's products to its customers.   FieldTurf has never used the Evolution Marks in

6

connection with the promotion, marketing, advertising or sale of TenCate's products.

        S.    FieldTurf objects to each of the Requests as overbroad to the extent that it contains no limitation as to time.

## SPECIFIC OBJECTIONS AND RESPONSES

**Request No. 1.**    **Any and all statements, investigators' notes, memoranda, or reports concerning oral statements of, or interviews or conversations with, any person(s) who may be called to testify by any party to this case, including but not limited to those individuals disclosed by any party to this suit through discovery or Rule 26(a) Disclosures, (excepting only those matters for which a recognized, applicable privilege from disclosure would apply).**

**Response to Request No. 1.**

FieldTurf objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to this objection, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 2.**    **All documents related to or referencing testing or analysis of Evolution Fibers from 2003 through the present performed by any entity, including but not limited to FIELDTURF, Commercial Testing Company, Mattex Leisure Industries (hereinafter referred to as "Mattex"), and TENCATE (including but not limited to those tests referenced in paragraphs 48, 49 and 52 of Plaintiffs' complaint), including but not limited to correspondence, agreements, memorandum, emails or other communication, test results, testing protocol, and reports of any kind.**

**Response to Request No. 2.**

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests. FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that

7

are protected from disclosure by the attorney-client privilege or the work product doctrine.  Subject to these objections, FieldTurf will produce non-privileged documents relating to the testing or analysis of Evolution 3GS or any prior versions thereof.

**Request No. 3.**    **The fiber/turf sample(s) provided by Van Balen to John Gilman at the trade show in Germany in 2003, including but not limited to those referenced in paragraphs 35 through 37 of Plaintiffs' Complaint.**

## Response to Request No. 3.

FieldTurf will make available for inspection responsive materials in its possession, custody or control.

**Request No. 4.**    **All Evolution Fiber and/or Evolution Turf samples upon which FIELDTURF conducted testing or analysis from 2003 through 2007, including but not limited to the testing referenced in paragraphs 46 through 50 of Plaintiffs' Complaint.**

## Response to Request No. 4.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests.  FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action.  Subject to these objections, FieldTurf will make available for inspection all fiber or turf samples in its possession, custody or control which were manufactured with Evolution 3GS, or any prior versions thereof, and on which it conducted testing from 2003 through 2007.

**Request No. 5.**    **All documents relating to or referencing communications between Van Balen (or any other purported employee or representative of Mattex) and FIELDTURF from 2003 through 2007 concerning Evolution Fibers, including but not limited to documents relating to or referencing the specifications, manufacturing, performance, chemical composition, UV stability, or durability of said fibers, and the results of testing performed on said fibers.  Documents responsive to this request shall include, but are not limited to correspondence, agreements, memorandum, emails or other**

communication, turf samples, test results, testing protocol, reports of any kind, and the following documents:

a.   July 10, 2004 email from Van Balen to Derek Bearden, referenced in paragraph 41 of Plaintiffs' complaint.

b.   2005 communications between Van Balen and Derek Bearden, referenced in paragraphs 52, 53 and 54 of Plaintiffs' complaint.

c.   March 15, 2005, correspondence from Van Balen to FieldTurf, referenced in paragraph 44 of Plaintiffs' complaint.

d.   November 1, 2005, communication from Van Balen to Jennifer Bennett, referenced in paragraph 62 of Plaintiffs' complaint.

e.   December 10, 2006, communication from Van Balen to John Gilman, referenced in paragraph 70 of Plaintiffs' complaint.

## Response to Request No. 5.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action. Subject to these objections, FieldTurf will produce non-privileged documents referencing communications between FieldTurf and Mattex from 2003 through 2007 concerning Evolution 3GS or any prior versions thereof.

Request No. 6.   All documents relating to or referencing communications between TENCATE (or anyone acting as, or claiming to act as an employee, consultant or representative of TENCATE) and FIELDTURF from 2007 through and including the present, concerning Evolution Fibers, including but not limited to documents relating to or referencing the specifications, manufacturing, performance, chemical composition, UV stability, or durability of said fibers, and the results of testing performed on said fibers. Documents responsive to this request shall include, but are not limited to correspondence, agreements, memorandum, emails or other communication, turf samples, test results, testing protocol, and reports of any kind.

## Response to Request No. 6.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests.  FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action.  Subject to these objections, FieldTurf will produce non-privileged documents referencing communications between FieldTurf and TenCate from 2007 through the present concerning Evolution 3GS or any prior versions thereof.

**Request No. 7.**   **All documents relating to or referencing the formation, negotiation, or execution of the 2005 Supply Agreement (attached as Exhibit A to Plaintiffs' Complaint), including but not limited to correspondence, agreements, memorandum, draft contracts/documents, and emails or other communications.**

## Response to Request No. 7.

FieldTurf objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.  Subject to this objection, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 8.**   **All documents relating to or referencing the request for, drafting, formation, negotiation or delivery of the 2005 Warranty (attached as Exhibit B to Plaintiffs' Complaint), including but not limited to correspondence, agreements, memorandum, draft documents, and emails or other communication.**

## Response to Request No. 8.

FieldTurf objects to this Request on the grounds that it is vague, ambiguous and seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.  Subject to these objections, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 9.**   **All documents relating to or referencing communications between FIELDTURF and TENCATE regarding any alleged breach of the 2005 Supply Agreement.**

### Response to Request No. 9.

FieldTurf objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to this objection, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 10.**   **All documents relating to or referencing communications between FIELDTURF and TENCATE regarding any alleged breach of the 2005 Warranty.**

### Response to Request No. 10.

FieldTurf objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to this objection, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 11.**   **All documents relating to or referencing the formation, negotiation, or execution of the 2006 Supply Agreement (attached as Exhibit C to Plaintiffs' Complaint), including but not limited to correspondence, agreements, memorandum, draft contracts/documents, and emails or other communications.**

### Response to Request No. 11.

FieldTurf objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to this objection, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 12.**   **All documents relating to or referencing the request for, drafting, formation, negotiation or delivery of the 2006 Warranty (attached as Exhibit D to Plaintiffs' Complaint), including but not limited to**

correspondence, agreements, memorandum, draft documents, and emails or other communications.

### Response to Request No. 12.

FieldTurf objects to this Request on the grounds that it is vague, ambiguous and seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.  Subject to these objections, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 13.**   **All documents relating to or referencing communications between FIELDTURF and TENCATE regarding any alleged breach of the 2006 Supply Agreement.**

### Response to Request No. 13.

FieldTurf objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to this objection, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 14.**   **All documents relating to or referencing communications between FIELDTURF and TENCATE regarding any alleged breach of the 2006 Warranty.**

### Response to Request No. 14.

FieldTurf objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to this objection, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 15.**   **All documents relating to or referencing the formation, negotiation, or execution of the April 4 and April 11, 2007, Amendments to the 2006 Supply Agreement (attached as Exhibits E and F, respectively to Plaintiffs' Complaint), including but not limited to correspondence, agreements, memorandum, draft contracts/documents, and emails or other communications.**

### Response to Request No. 15.

FieldTurf objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to this objection, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 16.   All documents relating to or referencing communications between FIELDTURF and TENCATE regarding any alleged breach of the April 4 and April 11, 2007, Amendments to the 2006 Supply Agreement.**

### Response to Request No. 16.

FieldTurf objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to this objection, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 17.   All documents relating to or referencing the formation, negotiation, or execution of the 2008 Supply Agreement (attached as Exhibit G to Plaintiffs' Complaint), including but not limited to correspondence, agreements, memorandum, draft contracts/documents, and emails or other communications.**

### Response to Request No. 17.

FieldTurf objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to this objection, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 18.   All documents relating to or referencing the request for, drafting, formation, negotiation or delivery of the 2008 Warranty (included in Exhibit G of Plaintiffs' Complaint), including but not limited to correspondence, agreements, memorandum, draft documents, and emails or other communications.**

### Response to Request No. 18.

FieldTurf objects to this Request on the grounds that it is vague, ambiguous and seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to these objections, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 19.   All documents relating to or referencing communications between FIELDTURF and TENCATE regarding any alleged breach of the 2008 Supply Agreement.**

### Response to Request No. 19.

FieldTurf objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to this objection, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 20.   All documents relating to or referencing communications between FIELDTURF and TENCATE regarding any alleged breach of the 2008 Warranty.**

### Response to Request No. 20.

FieldTurf objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to this objection, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 21.   All documents relating to, referencing or evidencing a breach of the 2005, 2006 or 2008 Supply Agreements by Mattex and/or TENCATE, not responsive to a prior request.**

### Response to Request No. 21.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of prior Requests. FieldTurf further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.

Subject to these objections, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 22.   All documents relating to, referencing or evidencing a breach of the 2005, 2006 or 2008 Warranties by Mattex and/or TENCATE, not responsive to a prior request.**

### Response to Request No. 22.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of prior Requests.  FieldTurf further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to these objections, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 23.   All  Supply  Agreements  between  FIELDTURF  and TENCATE  relating  to  Evolution  fibers,  not  provided  as  an  exhibit  to PLAINTIFFS' Complaint or responsive to a prior request.**

### Response to Request No. 23.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous and duplicative of other Requests.  FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action.  Subject to this objection, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 24.   All documents relating to, referencing or evidencing testing and/or analysis of fields FIELDTURF has supplied incorporating Evolution Fibers and/or Evolution Turf, including but not limited to testing and/or analysis of the fibers and/or turf themselves, and the manner and method of manufacturing and installation of Evolution Turf.**

### Response to Request No. 24.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests.  FieldTurf further objects to this Request on the grounds that it seeks documents that are

neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege or the work product doctrine. Subject to these objections, FieldTurf will produce non-privileged documents relating to the testing or analysis of the subject fields manufactured with Evolution 3GS or any prior versions thereof.

**Request No. 25.   Any and all documents relative to the purchase, delivery or supply of Evolution Fibers by either Mattex or TENCATE, to FIELDTURF, for use in the subject fields, including but not limited to correspondence, memoranda, purchase and production orders, receipts, bills of lading, specification sheets, delivery schedules, climate reports, and installation instructions/protocols.**

### Response to Request No. 25.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are in the possession, custody or control of TenCate. Subject to these objections, FieldTurf will produce documents sufficient to show its purchase of the Evolution fiber used to manufacture the subject fields.

**Request No. 26.   Any and all documents relative to the purchase, delivery or supply of Evolution Fibers by either Mattex or TENCATE, to FIELDTURF, for use in fields other than the subject fields, including but not limited to correspondence, memoranda, purchase and production orders, receipts, bills of lading, specification sheets, delivery schedules, climate reports, and installation instructions/protocols.**

### Response to Request No. 26.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, harassing and vexatious. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action.

**Request No. 27.   All documents relative to the purchase and installation of Evolution Fibers/Evolution Turf at the subject fields, including but not limited**

to job files, agreements, proposals, contracts, warranties, agreements, email, correspondence or other communications, memoranda, purchase and production orders, receipts, bills of lading, diagrams, sketches, blueprints, specification sheets, shop drawings, delivery schedules, climate reports, care and maintenance information, invoices, and installation instructions/protocols.

### Response to Request No. 27.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action. Subject to these objections, FieldTurf will produce: (a) documents sufficient to show its purchase of the Evolution fiber used to manufacture the subject fields; and (b) for each of the subject fields, customer service and project management files which will contain information concerning the installation and maintenance of such fields.

**Request No. 28.**   **All documents provided by FIELDTURF to its customers of the subject fields concerning the use, care, cleaning, and maintenance of the field and all component parts, including any warnings as to potential results if not complied with.**

### Response to Request No. 28.

FieldTurf objects to this Request on the grounds that it is overly broad and duplicative of other Requests. Subject to these objections, FieldTurf will produce documents sufficient to reflect the care, cleaning and maintenance instructions that were provided to customers of the subject fields.

**Request No. 29.**   **All documents relating to or referencing customer complaints received by FIELDTURF for the subject fields, including but not limited to correspondence, photographs, memorandum, emails or other communications.**

### Response to Request No. 29.

FieldTurf objects to this Request on the ground that it seeks documents protected
from disclosure by the attorney-client privilege and/or work product doctrine.
Subject to this objection, FieldTurf will produce non-privileged documents
responsive to this Request.

**Request No. 30.   All documents relating to or referencing any investigation
conducted by FIELDTURF, or any other person or entity on behalf of
FIELDTURF, in response to customer complaints, including but not limited
to investigation reports, inspection reports, testing data, correspondence,
photographs, emails or other communications.**

### Response to Request No. 30.

FieldTurf objects to this Request on the grounds that it is overly broad, vague,
ambiguous, unduly burdensome and duplicative of other Requests.  FieldTurf
further objects to this Request on the grounds that it seeks documents that are
neither material nor necessary to the prosecution or defense of this action and that
are protected from disclosure by the attorney-client privilege and/or work product
doctrine.  Subject to these objections, FieldTurf will produce non-privileged
documents relating to any investigation conducted by or on behalf of FieldTurf in
response to customer complaints concerning the subject fields.

**Request No. 31.   All documents relating to the manner in which the subject
fields were used and maintained, including the hours of usage and cleaning
materials and all documents identifying the person(s) present or performing
maintenance on each of the subject fields.**

### Response to Request No. 31.

FieldTurf objects to this Request on the grounds that it is overly broad, unduly
burdensome, harassing and vexatious.  FieldTurf further objects to this Request on
the grounds that it seeks documents that are neither material nor necessary to the
prosecution or defense of this action and that are not in FieldTurf's possession,
custody or control.  Subject to these objections, FieldTurf will produce reasonably
available usage and maintenance information for each of the subject fields,
including usage and maintenance information that may be contained in the
customer service file for each such field.

18

**Request No. 32.   All documents evidencing notice of an alleged defect in Evolution Fibers, or customer complaints, given by FIELDTURF to TENCATE.**

### Response to Request No. 32.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests.  FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action that are protected from disclosure by the attorney-client privilege or the work product doctrine.  Subject to these objections, FieldTurf will produce non-privileged documents evidencing notice by FieldTurf to TenCate of any alleged defect in Evolution 3GS or any prior versions thereof.

**Request No. 33.   All documents evidencing communications of any kind between FIELDTURF and TENCATE relating to or referencing inspections of the subject fields, including but not limited to investigation reports, inspection reports, testing data, correspondence, memorandum, emails or other communications.**

### Response to Request No. 33.

FieldTurf objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege or the work product doctrine.  Subject to this objection, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 34.   Any samples, remnants, excess, "retain" or representative Evolution Fibers and/or Evolution Turf from the subject fields, including but not limited to Evolution Fibers and/or Evolution Turf leftover after each field's initial installation, as referenced on page 45 of Plaintiffs' Complaint, and those obtained at any time after receipt of a customer complaint, including but not limited to those collected during inspections or after repairs/replacement of the subject fields.**

### Response to Request No. 34.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action. Subject to these objections, FieldTurf will make available for inspection all Evolution fiber or Evolution turf samples in its possession, custody or control from the subject fields.

**Request No. 35.   All documents relied upon by FIELDTURF in determining that repairs, improvements, replacement or other work was needed in response to customer complaints.**

### Response to Request No. 35.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous and unduly burdensome. FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege or the work product doctrine. Subject to these objections, FieldTurf will produce non-privileged documents on which FieldTurf relied in determining that repairs or replacements of the subject fields were necessary.

**Request No. 36.   Any and all documents relative to any work of any kind, including maintenance, improvements, repair or replacement of the fibers/turf, performed on the subject fields following the first notification to FIELDTURF from the customer of an alleged defect or complaint of any kind, including but not limited to, contracts, agreements, purchase orders, invoices, pay estimates, bids, cut sheets, blueprints, plans, specifications, change orders, correspondence (including print outs of emails), progress photographs, invoices, or any other documents relative to the work performed.**

### Response to Request No. 36.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests. FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that

are not in FieldTurf's possession, custody or control.  Subject to these objections, FieldTurf will produce non-privileged documents sufficient to reflect work performed on the subject fields by FieldTurf following its determination that a defect existed in the Evolution fiber used to manufacture such fields.

**Request No. 37.**  **All photographs, slides, videotapes, motion pictures, animations (computer or otherwise), video discs, laser discs, and any other visual representations taken at any time, which are relevant to the allegations in Plaintiffs' Complaint (that is, involving any product, field, or any other physical object involved).**

### Response to Request No. 37.

FieldTurf objects to this Request on the grounds that it is vague, ambiguous and duplicative of other Requests.  Subject to these objections, FieldTurf will produce non-privileged materials responsive to this Request.

**Request No. 38.**  **All documents relating to the design, manufacturing, fabrication, and/or assembly of Evolution Turf from 2003 through the present, including but not limited to quality control documents, instruction manuals, blueprints, sketches, drawings, specifications, service manuals, parts lists, performance specifications, warranty specifications, product development documents, material sourcing documents, product specifications, and notes.**

### Response to Request No. 38.

FieldTurf objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing and vexatious.  FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are not in FieldTurf's possession, custody or control.  Subject to these objections, FieldTurf will produce non-privileged documents sufficient to reflect the process followed for manufacturing fields with Evolution 3GS or any prior versions thereof from 2003 through March 3, 2011.

**Request No. 39.**  **All documents relating to any part of the design, manufacturing, fabrication, and/or assembly of Evolution Turf from 2003 through the present which was/is performed by an outside entity, including**

but not limited to contracts, quality control documents, instruction manuals, blueprints, sketches, drawings, specifications, service manuals, parts lists, performance specifications, warranty specifications, product development documents, material sourcing documents, product specifications, and notes.

### Response to Request No. 39.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, harassing, vexatious and duplicative of other Requests. FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are not in FieldTurf's possession, custody or control. Subject to these objections, FieldTurf will produce non-privileged documents sufficient to reflect any work performed on the subject fields by a third party from 2003 through the present to the extent such information is in FieldTurf's possession, custody or control.

**Request No. 40.** All documents, which detail, refer to, or relate to recommended practices, or engineering guidelines FIELDTURF applied, referred to, or considered in the design, manufacture, fabrication and/or assembly of Evolution Turf, including but not limited to communications, emails, memorandum, reports, testing protocol, testing results, product development documents, photographs/videos, periodicals, texts, handbooks, standards, codes, government publications, industry publications, engineering or architectural publications, or other purportedly authoritative written work or document or standard.

### Response to Request No. 40.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, harassing and vexatious. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action.

**Request No. 41.** All documents referencing, relating to or evidencing a change or proposed change in the manufacturing, fabrication, and/or assembly of Evolution Turf from 2003 through the present, including but not limited to communications, emails, memorandum, reports, testing protocol, testing results, product development documents, and photographs/videos.

### Response to Request No. 41.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, harassing, vexatious and duplicative of other Requests. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action. Subject to these objections, FieldTurf will produce non-privileged documents sufficient to reflect any changes to the process followed for manufacturing fields with Evolution 3GS or any prior versions thereof from 2003 through March 3, 2011.

**Request No. 42.** **All documents relating to the manner and method of installation of Evolution Turf from 2003 through the present, including but not limited to quality control documents, instruction manuals, blueprints, sketches, drawings, specifications, notes, service manuals, parts lists, performance specifications, warranty specifications, product development documents, material sourcing documents, instruction manuals, product specifications, and notes.**

### Response to Request No. 42.

FieldTurf objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing, vexatious and duplicative of other Requests. FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are not in FieldTurf's possession, custody or control. Subject to these objections, FieldTurf will produce non-privileged documents sufficient to reflect the process followed for installing fields with Evolution 3GS or any prior versions thereof from 2003 through March 3, 2011.

**Request No. 43.** **All documents, which detail, refer to, or relate to recommended practices, or engineering guidelines FIELDTURF applied, referred to, or considered when implementing an installation method for Evolution Turf, including but not limited to communications, emails, memorandum, reports, testing protocol, testing results, product development documents, photographs/videos, periodicals, texts, handbooks, standards, codes, government publications, industry publications, engineering or**

architectural publications, or other purportedly authoritative written work or document or standard.

### Response to Request No. 43.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, harassing and vexatious. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action.

**Request No. 44.  All documents referencing, relating to or evidencing a change or proposed change in the manner and method of installation of Evolution Turf from 2003 through the present, including but not limited to communications, emails, memorandum, reports, testing protocol, testing results, product development documents, and photographs/videos.**

### Response to Request No. 44.

FieldTurf objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing, vexatious and duplicative of other Requests. FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are not in FieldTurf's possession, custody or control. Subject to these objections, FieldTurf will produce non-privileged documents sufficient to reflect any changes to the process followed for installing fields with Evolution 3GS or any prior versions thereof from 2003 through March 3, 2011.

**Request No. 45.  All documents relating to, referencing, or evidencing any type of testing of Evolution Turf, including but not limited to documents relating to testing or analysis of the manner and method of the design, manufacture, fabrication, assembly and/or installation of Evolution Turf. Documents responsive to this request should include, but not be limited to, communications, emails, memorandum, reports, testing protocol, testing results, product development documents, and photographs/videos.**

### Response to Request No. 45.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests. FieldTurf

further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege or the work product doctrine. Subject to these objections, FieldTurf will produce non-privileged documents relating to the testing or analysis of artificial turf manufactured with Evolution 3GS or any prior versions thereof.

**Request No. 46.   All documents relating to the product composition, design, manufacturing, and/or fabrication of Evolution Fibers, including but not limited to quality control documents, performance specifications, warranty specifications, product development documents, material sourcing documents, instruction manuals, product specifications, and notes.**

### Response to Request No. 46.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous and unduly burdensome. FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action. FieldTurf further objects to this Request on the ground that it seeks documents that are not in FieldTurf's possession, custody or control and that, more specifically, are in the possession, custody or control of TenCate. Subject to these objections, FieldTurf will produce non-privileged documents in its possession, custody or control relating to the composition, design, manufacturing and/or fabrication of Evolution 3GS or any prior versions thereof.

**Request No. 47.   All documents relating to or referencing complaints, grievances, objections, criticisms, or other statements of dissatisfaction FIELDTURF received from recipients of fields with Non-Evolution Turf assembled, manufactured, and installed in the same manner and method as the subject fields.**

### Response to Request No. 47.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, harassing and vexatious. FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege or the work product doctrine.

**Request No. 48.   All documents substantiating or evidencing any damages, fees, or expenses of any sort that FIELDTURF will attempt to recover from TENCATE in this current action.**

### Response to Request No. 48.

FieldTurf will produce non-privileged documents responsive to this Request. FieldTurf's damages continue to accrue and FieldTurf will continue to produce evidence relating to damages as it obtains it.

**Request No. 49.   All documents concerning the installation by FIELDTURF of any Non-Evolution Turf from July 1, 2008 to the present.**

### Response to Request No. 49.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous and unduly burdensome.  FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action.  Subject to these objections, FieldTurf will produce non-privileged documents sufficient to reflect any installation of fields manufactured with Revolution Fiber from January 1, 2008 through March 3, 2011.

**Request No. 50.   All documents concerning any sale by FIELDTURF of Non-Evolution Turf from July 1, 2008 to the present.**

### Response to Request No. 50.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous and unduly burdensome.  FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action.  Subject to these objections, FieldTurf will produce non-privileged documents sufficient to reflect any sale of fields manufactured with Revolution Fiber from January 1, 2008 through March 3, 2011.

**Request No. 51.   All documents concerning FIELDTURF's plans to promote or market Evolution Turf or Evolution Fibers.**

## Response to Request No. 51.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous and unduly burdensome.  To the extent the Request seeks documents relating to FieldTurf's plans to promote or market Duraspine, Duraspine Pro or Prestige, documents relating to the promotion of those products are being produced in response to other Requests and the additional documents sought here, including FieldTurf's planning materials, are confidential and sensitive business strategy documents that are neither material nor necessary to the prosecution or defense of this action.  To the extent this Request seeks documents concerning promotion or marketing using the Evolution Marks, no such documents exist because FieldTurf did not use the Evolution Marks in promoting or marketing TenCate's products to its customers.

**Request No. 52.   All documents concerning efforts FIELDTURF undertook to promote or market Evolution Turf or Evolution Fibers.**

## Response to Request No. 52.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests.  To the extent this Request seeks documents relating to FieldTurf's efforts to promote or market Durapsine, Duraspine Pro or Prestige, FieldTurf will produce responsive documents for the period July 1, 2008 through March 3, 2011.  To the extent this Request seeks documents concerning promotion or marketing using the Evolution Marks, no such documents exist because FieldTurf did not use the Evolution Marks in promoting or marketing TenCate's products to its customers.

**Request No. 53.   Copies of any promotional or marketing materials FIELDTURF developed, utilized or distributed concerning Evolution Turf or Evolution Fiber.**

## Response to Request No. 53.

FieldTurf objects to this Request on the grounds that it is vague, ambiguous and duplicative of other Requests.  To the extent this Request seeks copies of promotional or marketing materials used by FieldTurf to promote or market Durapsine, Duraspine Pro or Prestige, FieldTurf will produce responsive documents for the period July 1, 2008 through March 3, 2011.  To the extent this

Request seeks documents concerning promotion or marketing using the Evolution Marks, no such documents exist because FieldTurf did not use the Evolution Marks in promoting or marketing TenCate's products to its customers.

**Request No. 54.   All documents concerning FIELDTURF's plans to develop or release Revolution Fiber.**

### Response to Request No. 54.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, harassing and vexatious.  FieldTurf further objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or work product doctrine. Documents relating to the sale of Revolution are being produced in response to other Requests and the additional documents sought here, including FieldTurf's planning and development materials are confidential and sensitive business strategy documents that are neither material nor necessary to the prosecution or defense of this action.

**Request No. 55.   All documents concerning efforts FIELDTURF undertook to develop or release Revolution Fiber.**

### Response to Request No. 55.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, harassing, vexatious and duplicative of other Requests.  FieldTurf further objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or work product doctrine.  Documents relating to the sale of Revolution are being produced in response to other Requests and the additional documents sought here, including FieldTurf's development materials, are confidential and sensitive business strategy documents that are neither material nor necessary to the prosecution or defense of this action.

**Request No. 56.   All documents concerning FIELDTURF's plans to promote or market Revolution Fiber or Revolution Turf.**

### Response to Request No. 56.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, harassing, vexatious and duplicative of other Requests.  FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege and/or work product doctrine.  Subject to these objections, FieldTurf will produce non-privileged documents sufficient to reflect FieldTurf's plans to promote or market Revolution Fiber or Revolution Turf through March 3, 2011.

**Request No. 57.   All documents concerning efforts FIELDTURF undertook to promote or market Revolution Fiber or Revolution Turf.**

### Response to Request No. 57.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests.  FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege and/or work product doctrine.  Subject to these objections, FieldTurf will produce non-privileged documents sufficient to reflect FieldTurf's efforts to promote or market Revolution Fiber or Revolution Turf through March 3, 2011.

**Request No. 58.  Copies of any promotional or marketing materials FIELDTURF developed, utilized or distributed concerning Revolution Fiber or Revolution Turf.**

### Response to Request No. 58.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests.  FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action.  Subject to these objections, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 59.   All documents concerning FIELDTURF's budget for the marketing or promotion of Evolution Turf or any of the Evolution Fibers.**

### Response to Request No. 59.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous and unduly burdensome.  To the extent this Request seeks documents relating to FieldTurf's budget for the promotion or marketing of Duraspine, Duraspine Pro or Prestige, FieldTurf further objects to the Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action.  To the extent this Request seeks documents concerning promotion or marketing using the Evolution Marks, no such documents exist because FieldTurf did not use the Evolution Marks in promoting or marketing TenCate's products to its customers.

**Request No. 60.   All documents concerning FIELDTURF's budget for the marketing or promotion of Revolution Turf or Revolution Fiber.**

### Response to Request No. 60.

FieldTurf objects to this Request on the grounds that it is overly broad and seeks documents that are neither material nor necessary to the prosecution or defense of this action.  FieldTurf further objects to the Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action.

**Request No. 61.   All documents concerning FIELDTURF's monthly inventory of artificial grass fibers from July 1, 2008 to May 31, 2011.**

### Response to Request No. 61.

FieldTurf objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing and vexatious.  FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action.

**Request No. 62.   All documents concerning any order FIELDTURF received, or anticipated it may receive, for the delivery, sale or installation of any synthetic turf product from July 1, 2008 to May 31, 2011.**

### Response to Request No. 62.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, harassing and vexatious. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action.

**Request No. 63.   To the extent not encompassed by any other request herein, all documents concerning data or information used by FIELDTURF to prepare its product need forecasts under the 2008 Supply Agreement.**

### Response to Request No. 63.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, harassing, vexatious and duplicative of other Requests. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action. Subject to these objections, FieldTurf will produce copies of its product forecasts and, to the extent available, the production and installation reports on which those forecasts were based for the period July 1, 2008 through March 3, 2011.

**Request No. 64.   All documents concerning the preparation of any forecasted product need that FIELDTURF issued to TENCATE pursuant to the 2008 Supply Agreement.**

### Response to Request No. 64.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, harassing, vexatious and duplicative of other Requests. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action. Subject to these objections, FieldTurf will produce copies of its product forecasts and, to the extent available, the production and installation reports on which those forecasts were based for the period July 1, 2008 through March 3, 2011.

**Request No. 65.   All documents concerning any failure by FIELDTURF to submit a weekly forecast of its product needs to TENCATE.**

### Response to Request No. 65.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, harassing, vexatious and duplicative of other Requests. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action. Subject to these objections, FieldTurf will produce non-privileged documents concerning its alleged failure to submit product forecasts during the period July 1, 2008 through March 3, 2011.

**Request No. 66.  All documents concerning the increase in FIELDTURF's forecasted product needs that began in 2011.**

### Response to Request No. 66.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, harassing, vexatious and duplicative of other Requests. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action. Subject to these objections, FieldTurf will produce copies of its product forecasts and, to the extent available, the production and installation reports on which those forecasts were based for the period July 1, 2008 through March 3, 2011.

**Request No. 67.  All documents containing any opinions, statements or dialogue concerning FIELDTURF's performance or interpretation of any obligation under the 2008 Supply Agreement.**

### Response to Request No. 67.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests. FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to these objections, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 68.** All documents concerning the legal ramifications or potential consequences of any conduct by FIELDTURF with respect to FIELDTURF's obligations under the Supply Agreement.

### Response to Request No. 68.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, harassing, vexatious and duplicative of other Requests. FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege and/or work product doctrine.

**Request No. 69.** All documents concerning whether any action by FIELDTURF, whether undertaken or proposed, would violate any contractual or legal duty owed by FIELDTURF to TENCATE.

### Response to Request No. 69.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, harassing, vexatious and duplicative of other Requests. FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege and/or work product doctrine.

**Request No. 70.** All documents concerning any failure or refusal by FIELDTURF to fully perform any obligation under the Supply Agreement.

### Response to Request No. 70.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, harassing, vexatious and duplicative of other Requests. FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to these objections, FieldTurf will produce non-privileged documents concerning its alleged failure to perform its obligations under the 2008 Supply Agreement.

**Request No. 71.** **All documents concerning any testing or analysis of the performance or quality of any Non-Evolution Fibers or Non-Evolution Turf.**

### Response to Request No. 71.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous and unduly burdensome. FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to these objections, FieldTurf will produce non-privileged documents sufficient to reflect the results of any analysis of the performance or quality of Revolution Fiber or Revolution Turf.

**Request No. 72.** **All documents concerning any testing or analysis of the performance or quality of any Revolution Fibers or Revolution Turf.**

### Response to Request No. 72.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests. FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to these objections, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 73.** **All documents concerning any assessment, opinion or statement regarding TENCATE's processes or methods for manufacturing polyolefin based fibers or synthetic turf products.**

### Response to Request No. 73.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests. FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to these objections, FieldTurf will produce non-privileged

documents concerning any assessment of TenCate's process for manufacturing Evolution 3GS or any prior versions thereof.

**Request No. 74.**   **All documents concerning any statement or communication by FIELDTURF to any third party regarding the nature, characteristics, properties, qualities or performance of Evolution Turf or any of the Evolution Fibers.**

### Response to Request No. 74.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests.  FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege and/or work product doctrine.  Subject to these objections, FieldTurf will produce non-privileged documents reflecting communications with third parties concerning the alleged deficiencies in the quality or performance of Evolution 3GS or any prior versions thereof.

**Request No. 75.**   **All documents concerning any directions, instructions or any other form of guidance regarding the manner in which any FIELDTURF employee is to communicate with third parties regarding Evolution Fibers or Evolution Turf.**

### Response to Request No. 75.

FieldTurf objects to this Request on the ground that it is overly broad, vague and ambiguous.  FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege and/or work product doctrine.  Subject to these objections, FieldTurf will produce non-privileged documents reflecting instructions regarding the manner in which FieldTurf employees should communicate with third parties concerning the alleged deficiencies in the quality or performance of Evolution 3GS or any prior versions thereof.

**Request No. 76.**   **All documents concerning any directions, instructions or any other form of guidance regarding the manner in which any FIELDTURF**

35

**employee is to communicate with third parties regarding TENCATE, TENCATE's manufacturing processes or TENCATE's Products.**

<u>Response to Request No. 76.</u>

FieldTurf objects to this Request on the ground that it is overly broad, vague, ambiguous and duplicative of other Requests. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to these objections, FieldTurf will produce non-privileged documents reflecting instructions regarding the manner in which FieldTurf employees should communicate with third parties concerning TenCate or any alleged deficiencies in TenCate's manufacturing processes or products.

<u>Request No. 77.</u>   **All documents regarding any plans, strategy, guidance or instructions concerning public statements or public relations efforts by FIELDTURF concerning TENCATE or TENCATE's Products.**

<u>Response to Request No. 77.</u>

FieldTurf objects to this Request on the ground that it is overly broad, vague, ambiguous, harassing and vexatious. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege and/or work product doctrine.

<u>Request No. 78.</u>   **All documents concerning any statement or communication stating or implying that Evolution Turf or any of the Evolution Fibers are defective.**

<u>Response to Request No. 78.</u>

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous and duplicative of other Requests. FieldTurf further objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to these objections, FieldTurf will produce non-privileged documents reflecting

communications concerning alleged deficiencies in the quality or performance of
Evolution 3GS or any prior versions thereof.

**Request No. 79.   All documents concerning any statement or communication
stating or implying that Evolution Turf or any of the Evolution Fibers
degrade prematurely or otherwise fail to perform in accordance with their
product warranties.**

**Response to Request No. 79.**

FieldTurf objects to this Request on the grounds that it is overly broad, vague,
ambiguous and duplicative of other Requests.  FieldTurf further objects to this
Request on the ground that it seeks documents that are protected from disclosure
by the attorney-client privilege and/or work product doctrine.  Subject to these
objections, FieldTurf will produce non-privileged documents reflecting
communications concerning alleged deficiencies in the quality or performance of
Evolution 3GS or any prior versions thereof.

**Request No. 80.   All documents concerning any statement or communication
stating or implying that TENCATE defrauded FIELDTURF, misrepresented
the quality or performance of any of the Evolution Fibers, or engaged in a bait
and switch scheme to harm FIELDTURF.**

**Response to Request No. 80.**

FieldTurf objects to this Request on the grounds that it is overly broad, vague,
ambiguous and duplicative of other Requests.  FieldTurf further objects to this
Request on the ground that it seeks documents that are protected from disclosure
by the attorney-client privilege and/or work product doctrine.  Subject to these
objections, FieldTurf will produce non-privileged documents concerning any
communication that TenCate defrauded FieldTurf, misrepresented the quality or
performance of Evolution 3GS or any prior versions thereof, or engaged in a bait
and switch scheme to harm FieldTurf.

**Request No. 81.   All documents concerning any statement or communication
stating or implying that TENCATE engaged in some form of misconduct or
illegal conduct with respect to FIELDTURF.**

37

### Response to Request No. 81.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous and duplicative of other Requests. FieldTurf further objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to these objections, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 82.   All documents concerning FIELDTURF's development of, or its decision to employ, the slogan "This is no Evolution.   This is Revolution." in connection with the Revolution Fiber.**

### Response to Request No. 82.

FieldTurf objects to this Request on the ground that it is overly broad and seeks documents that are neither material nor necessary to the prosecution or defense of this action. Subject to these objections, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 83.   All documents concerning any plans, strategies or instructions regarding the manner in which FIELDTURF employees should communicate about, discuss or address TENCATE or TENCATE's Products when attempting to promote or market Revolution Fibers or Revolution Turf.**

### Response to Request No. 83.

FieldTurf objects to this Request on the ground that it is overly broad, vague, ambiguous and duplicative of other Requests. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to these objections, FieldTurf will produce non-privileged documents reflecting instructions regarding the manner in which FieldTurf employees should communicate with third parties concerning the promotion or marketing of Revolution Fiber or Revolution Turf.

**Request No. 84.   All documents concerning any plans, strategies or instructions regarding the manner in which FIELDTURF employees should respond to inquiries regarding TENCATE or TENCATE's Products.**

### Response to Request No. 84.

FieldTurf objects to this Request on the ground that it is overly broad, vague, ambiguous and duplicative of other Requests.  FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege and/or work product doctrine.  Subject to these objections, FieldTurf will produce non-privileged documents reflecting instructions regarding the manner in which FieldTurf employees should respond to inquiries regarding TenCate or TenCate's products.

**Request No. 85.   All documents concerning FIELDTURF's claim that Revolution Fibers contain the strongest ultraviolet inhibitor in the industry.**

### Response to Request No. 85.

FieldTurf objects to this Request on the grounds that it is overly broad and seeks documents that are protected from disclosure by the attorney-client privilege and/or work product doctrine.  Subject to these objections, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 86.   All documents concerning FIELDTURF's claim that Revolution Fibers are the industry's strongest fiber.**

### Response to Request No. 86.

FieldTurf objects to this Request on the grounds that it is overly broad and seeks documents that are protected from disclosure by the attorney-client privilege and/or work product doctrine.  Subject to these objections, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 87.   All documents concerning FIELDTURF's claim that Revolution Fibers will last longer than any other competing fiber.**

### Response to Request No. 87.

FieldTurf objects to this Request on the ground that it is overly broad and seeks documents that are protected from disclosure by the attorney-client privilege and/or work product doctrine.  Subject to these objections, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 88.   All documents concerning communications by or among FIELDTURF about the subject matter of this litigation.**

### Response to Request No. 88.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests.  FieldTurf further objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or work product doctrine.  To the extent there are non-privileged documents responsive to this Request, they are called for by other Requests and will be produced in response to those Requests.

**Request No. 89.   All documents concerning communications between FIELDTURF (or its distributors or sales agents) and potential customers or customers about the subject matter of this litigation.**

### Response to Request No. 89.

FieldTurf objects to this Request on the grounds that it seeks documents that are protected from disclosure by the attorney-client privilege and/or work product doctrine and that are not in FieldTurf's possession, custody or control.  Subject to these objections, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 90.   All documents concerning communications that FIELDTURF made to the trade, the press, or third parties about the subject matter of this litigation.**

### Response to Request No. 90.

FieldTurf objects to this Request on the grounds that it seeks documents that are
protected from disclosure by the attorney-client privilege and/or work product
doctrine and that are not in FieldTurf's possession, custody or control.  Subject to
these objections, FieldTurf will produce non-privileged documents responsive to
this Request.

**Request No. 91.   All documents concerning FIELDTURF's conception or
adoption of the REVOLUTION mark.**

### Response to Request No. 91.

FieldTurf objects to this Request on the grounds that it is overly broad, vague and
ambiguous.  FieldTurf further objects to this Request on the ground that it seeks
documents that are neither material nor necessary to the prosecution or defense of
this action and that are protected from disclosure by the attorney-client privilege
and/or work product doctrine.  Subject to these objections, FieldTurf will produce
non-privileged documents responsive to this Request.

**Request No. 92.   All documents concerning FIELDTURF's design or
creation of the stylized R design mark which is the subject of FIELDTURF's
trademark application Ser. No. 85/177,999 with the United States Patent and
Trademark Office.**

### Response to Request No. 92.

FieldTurf objects to this Request on the grounds that it is harassing, vexatious and
seeks documents that are neither material nor necessary to the prosecution or
defense of this action.

**Request No. 93.   All documents concerning any alternative marks to the
REVOLUTION mark considered by FIELDTURF.**

### Response to Request No. 93.

FieldTurf objects to this Request on the ground that it is overly broad, vague,
ambiguous, unduly burdensome and duplicative of other Requests.  FieldTurf
further objects to this Request on the grounds that it seeks documents that are

41

neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege or work product doctrine. Subject to these objections, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 94.** **All documents concerning any trademark searches, investigations, market research or studies, or other searches conducted by or on behalf of FIELDTURF concerning the availability to use or register the REVOLUTION mark.**

### Response to Request No. 94.

FieldTurf objects to this Request on the grounds that it is overly broad, vague and ambiguous. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to these objections, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 95.** **All documents concerning FIELDTURF's determination that it had or has the right to adopt, use and/or register the mark "REVOLUTION" as a trademark in the United States.**

### Response to Request No. 95.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous and duplicative of other Requests. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to these objections, FieldTurf will produce non-privileged documents responsive to t his Request.

**Request No. 96.** **All documents concerning any research (including consumer surveys, focus groups, polls, interviews, tracking studies, etc.) conducted by or on behalf of FIELDTURF concerning the REVOLUTION mark.**

### Response to Request No. 96.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous and duplicative of other Requests.  FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege and/or work product doctrine.  Subject to these objections, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 97.   All documents concerning any research  (including consumer surveys, focus groups, polls, interviews, tracking studies, etc.) conducted by or on behalf of FIELDTURF concerning the EVOLUTION Marks.**

### Response to Request No. 97.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous and duplicative of other Requests.  To the extent the Request seeks documents concerning consumer research relating to Duraspine, Duraspine Pro or Prestige, the Request seeks documents that are neither material nor necessary to the prosecution or defense of this action.  To the extent the Request seeks documents concerning consumer research relating to the Evolution Marks, no such documents exist because FieldTurf did not use the Evolution Marks in promoting or marketing TenCate's products to its customers.

**Request No. 98.   All documents concerning any attempt to register the REVOLUTION mark with the United States Patent and Trademark Office, or with any state within the United States.**

### Response to Request No. 98.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous and duplicative of other Requests.  FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege and/or work product doctrine.  FieldTurf further objects to this Request on the ground that it seeks documents that are available in the public domain.

**Request No. 99.** All documents concerning TENCATE's trademark registration for EVOLUTION 3GS (Reg. No. 3,002,082).

### Response to Request No. 99.

FieldTurf objects to this Request on the ground that is overly broad. FieldTurf further objects to this Request on the grounds that it seeks documents that are not in FieldTurf's possession, custody or control and that, more specifically, are in the possession, custody or control of TenCate.

**Request No. 100.** All documents concerning TENCATE's trademark application for EVOLUTION (Ser. No. 79/094,327).

### Response to Request No. 100.

FieldTurf objects to this Request on the ground that is overly broad. FieldTurf further objects to this Request on the grounds that it seeks documents that are not in FieldTurf's possession, custody or control and that, more specifically, are in the possession, custody or control of TenCate.

**Request No. 101.** Representative examples of all advertising, marketing, or promotional materials that include the REVOLUTION mark, including packaging, direct mail, point-of-sale, signs, posters, newspaper advertisements, radio advertisements, television advertisements, magazine and electronic advertisements, websites, media articles, catalogs, circulars, leaflets, printed and electronic brochures, trade show booth photographs, and any other publicly distributed materials.

### Response to Request No. 101.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action. Subject to these objections, FieldTurf will produce representative copies of the advertising materials that it has used to market Revolution Fiber.

**Request No. 102.** **All documents concerning FIELDTURF's expenditures for the advertising, marketing, and promotion of goods sold under the REVOLUTION mark.**

### Response to Request No. 102.

FieldTurf objects to this request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action. Subject to these objections, FieldTurf will produce documents sufficient to show its expenditures for advertising Revolution Fiber for the period July 1, 2008 through March 3, 2011.

**Request No. 103.** **Representative examples of all advertising, marketing, or promotional materials that include any of the EVOLUTION Marks, including packaging, direct mail, point-of-sale, signs, posters, newspaper advertisements, radio advertisements, television advertisements, magazine and electronic advertisements, websites, media articles, catalogs, circulars, leaflets, printed and electronic brochures, trade show booth photographs, and any other publicly distributed materials.**

### Response to Request No. 103.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action. To the extent the Request seeks documents relating to the advertising, marketing or promotion of Duraspine, Duraspine Pro or Prestige, FieldTurf will produce representative copies of the advertising materials for those products. To the extent the Request seeks documents concerning promotion or marketing using the Evolution Marks, no such documents exist because FieldTurf did not use the Evolution Marks in promoting or marketing TenCate's products to its customers.

**Request No. 104.** **All documents concerning FIELDTURF's expenditures for the advertising, marketing, and promotion of goods sold under any of the EVOLUTION Marks.**

### Response to Request No. 104.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action. To the extent the Request seeks documents relating to expenditures for the advertising, marketing and promotion of Duraspine, Duraspine Pro or Prestige, FieldTurf will produce documents sufficient to show its expenditures for advertising those products for the period July 1, 2008 through March 3, 2011. To the extent the Request seeks documents concerning promotion or marketing using the Evolution Marks, no such documents exist because FieldTurf did not use the Evolution Marks in promoting or marketing TenCate's products to its customers.

**Request No. 105.** Packaging, advertising, marketing, and promotional materials containing the phrase "This is no evolution. This is revolution."

### Response to Request No. 105.

FieldTurf objects to this Request on the grounds that it is overly broad and duplicative of other Requests. Subject to these objections, FieldTurf will produce representative copies of the advertising materials containing the phrase "This is no evolution. This is revolution."

**Request No. 106.** Communications with any third party that include the REVOLUTION mark.

### Response to Request No. 106.

FieldTurf objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing, vexatious and duplicative of other Requests. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action.

**Request No. 107.** Communications with any third party that include any of the EVOLUTION Marks.

### Response to Request No. 107.

To the extent this Request seeks all third-party communications including the Duraspine, Duraspine Pro or Prestige marks, it is overly broad, unduly burdensome, duplicative of other Requests and seeks documents that are neither material nor necessary to the prosecution or defense of this action.  To the extent this Request seeks third-party communications including the Evolution Marks, no such documents exist because FieldTurf did not use the Evolution Marks in promoting, marketing or selling TenCate's products to its customers.

**Request No. 108.  All documents sufficient to identify each person who has purchased any of FIELDTURF's goods bearing or incorporating fiber sold under the REVOLUTION or EVOLUTION Marks (such as FIELDTURF's customer list), as well as the quantity and type of goods each such person purchased.**

### Response to Request No. 108.

To the extent this Request seeks all documents sufficient to identify all purchasers of Revolution, Duraspine, Duraspine Pro and Prestige, it is overly broad, vague, ambiguous, unduly burdensome, harassing, vexatious and seeks confidential and sensitive business documents that are neither material nor necessary to the prosecution or defense of this action.  To the extent this Request seeks documents sufficient to identify all purchasers of fiber sold under the Evolution Marks, no such documents exist because FieldTurf did not use the Evolution Marks in selling TenCate's products to its customers.

**Request No. 109.  Invoices, bills of lading, or comparable billing, shipment or delivery records concerning each of FIELDTURF's goods incorporating fiber sold under the REVOLUTION.**

### Response to Request No. 109.

FieldTurf objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing and vexatious.  FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action.  Subject to these objections, FieldTurf will produce non-privileged documents sufficient to reflect the installation or sale of

fields manufactured with Revolution Fiber from January 1, 2008 through March 3, 2011, as set forth in response to Requests 49 and 50.

**Request No. 110.  All documents concerning the quality or performance of goods offered for sale or sold under the REVOLUTION mark.**

### Response to Request No. 110.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests.  FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege and/or work product doctrine.  Subject to these objections, FieldTurf will produce non-privileged documents sufficient to reflect the results of any analysis of the performance or quality of Revolution Fiber.

**Request No. 111.  All documents concerning the comparative quality or performance of fiber offered for sale or sold under the REVOLUTION mark and fiber offered for sale or sold under the EVOLUTION Marks.**

### Response to Request No. 111.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous and duplicative of other Requests.  FieldTurf further objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or work product doctrine.  To the extent this Request seeks documents concerning the comparative quality or performance of Revolution Fiber with Duraspine, Duraspine Pro and Prestige, FieldTurf will produce non-privileged responsive documents.  To the extent this Request seeks documents concerning the comparative quality or performance of Revolution Fiber with fiber sold under the Evolution Marks, no such documents exist because FieldTurf did not use the Evolution Marks in selling TenCate's products to its customers.

**Request No. 112.  All documents sufficient to show the first time in which FIELDTURF offered goods for sale under the REVOLUTION mark.**

### Response to Request No. 112.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous and duplicative of other Requests.  Subject to these objections, FieldTurf will produce documents sufficient to show the first date on which FieldTurf offered Revolution Fiber for sale.

**Request No. 113.  All documents sufficient to show the first time in which FIELDTURF sold goods under the REVOLUTION mark.**

### Response to Request No. 113.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous and duplicative of other Requests.  Subject to these objections, FieldTurf will produce documents sufficient to show the first date on which FieldTurf sold Revolution Fiber.

**Request No. 114.  All documents concerning FIELDTURF's first sale of goods under the REVOLUTION mark.**

### Response to Request No. 114.

FieldTurf objects to this Request on the grounds that it is overly broad and duplicative of other Requests.  Subject to these objections, FieldTurf will produce documents sufficient to show the terms of FieldTurf's first sale of Revolution Fiber.

**Request No. 115.  All documents sufficient to show the channels of distribution for goods sold under the REVOLUTION mark.**

### Response to Request No. 115.

FieldTurf objects to this request on the grounds that it is overly broad, vague, ambiguous and duplicative of other Requests.  Subject to these objections, FieldTurf will produce documents sufficient to show the countries and/or states in which Revolution Fiber or Revolution Turf is offered for sale.

**Request No. 116.** All documents sufficient to show the channels of distribution for FieldTurf's goods incorporating fiber sold under the EVOLUTION Marks.

### Response to Request No. 116.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous and duplicative of other Requests. FieldTurf further objects to this Request on the ground that it seeks documents that are not in FieldTurf's possession, custody or control.  To the extent this Request seeks documents sufficient to show the "channels of distribution" for Duraspine, Duraspine Pro and Prestige, FieldTurf will produce documents sufficient to show the countries and/or states in which those products are sold.  To the extent this Request seeks documents sufficient to show the "channels of distribution" for fiber sold under the Evolution Marks by FieldTurf, no such documents exist because FieldTurf did not use the Evolution Marks in distributing TenCate's products to its customers.

**Request No. 117.** All documents sufficient to identify the typical end users of fiber sold under the REVOLUTION or EVOLUTION Marks, including sophistication of those users, their number and identity, and the factors such users consider in selecting synthetic turf goods for purchase and use.

### Response to Request No. 117.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous and unduly burdensome.  FieldTurf further objects to this Request on the ground that it seeks documents that are not in FieldTurf's possession, custody or control.  To the extent this Request seeks documents sufficient to show the "typical end users" of fiber sold under the Revolution Mark, the only document available for production would be FieldTurf's current customer list, which FieldTurf objects to producing for the reasons set forth in Response to Request 108.  To the extent this Request seeks documents sufficient to show the "typical end users" of fiber sold under the Evolution Marks by FieldTurf, no such documents exist because FieldTurf did not use the Evolution Marks in selling TenCate's products to its customers.

**Request No. 118.** All documents sufficient to identify the typical end users of goods bearing or incorporating fiber sold under the REVOLUTION or EVOLUTION Marks, including sophistication of those users, their number

and identity, and the factors such users consider in selecting synthetic turf goods for purchase and use.

### Response to Request No. 118.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests. FieldTurf further objects to this Request on the ground that it seeks documents that are not in FieldTurf's possession, custody or control. To the extent this Request seeks documents sufficient to show the "typical end users" of goods sold under the Revolution Mark, the only document available for production would be FieldTurf's current customer list, which FieldTurf objects to producing for the reasons set forth in Response to Request 108. To the extent this Request seeks documents sufficient to show the "typical end users" of goods sold under the Evolution Marks by FieldTurf, no such documents exist because FieldTurf did not use the Evolution Marks in selling TenCate's products to its customers.

**Request No. 119.** All documents sufficient to identify the prices at which goods have been offered for sale or sold under the REVOLUTION mark.

### Response to Request No. 119.

FieldTurf objects to this Request on the grounds that it is overly broad, harassing and vexatious. FieldTurf further objects to this Request on the ground that it seeks confidential and sensitive business documents concerning the price of FieldTurf's artificial turf systems, as opposed to prices for the Revolution Fiber itself (which FieldTurf does not sell independently of its turf systems), and such documents are neither material nor necessary to the prosecution or defense of this action.

**Request No. 120.** All documents sufficient to identify the prices at which goods incorporating fiber sold under the EVOLUTION Marks have been offered for sale or sold by FIELDTURF.

### Response to Request No. 120.

FieldTurf objects to this Request on the grounds that it is overly broad, harassing and vexatious. To the extent this Request seeks document sufficient to identify the prices at which Duraspine, Duraspine Pro and Prestige have been sold or offered for sale by FieldTurf, it seeks confidential and sensitive business documents

concerning the prices of FieldTurf's artificial turf systems that are neither material nor necessary to the prosecution or defense of this action.  To the extent this Request seeks documents sufficient to identify the prices at which goods have been sold or offered for sale under the Evolution Marks by FieldTurf, no such documents exist because FieldTurf did not use the Evolution Marks in selling TenCate's products to its customers.

**Request No. 121.  All documents sufficient to identify the monthly and annual revenue FIELDTURF has received from sales of goods under the REVOLUTION mark.**

### Response to Request No. 121.

FieldTurf objects to this Request on the grounds that it is overly broad, harassing and vexatious.  FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action.  Subject to these objections, FieldTurf will produce documents sufficient to reflect the revenue that it has received from the sale of turf systems manufactured with Revolution Fiber.

**Request No. 122.  All documents sufficient to identify the monthly and annual revenue FIELDTURF has received from sales of goods incorporating fiber sold under the EVOLUTION Marks.**

### Response to Request No. 122.

FieldTurf objects to this Request on the grounds that it is overly broad, harassing and vexatious.  To the extent this Request seeks documents sufficient to identify the revenue that FieldTurf has received from the sale of Duraspine, Duraspine Pro and Prestige turf systems, it seeks documents that are neither material nor necessary to the prosecution or defense of this action.  To the extent this Request seeks documents sufficient to identify the revenue that FieldTurf has received from sales of goods sold under the Evolution Marks, no such documents exist because FieldTurf did not use the Evolution Marks in selling TenCate's products to its customers.

**Request No. 123.  All documents concerning the market share of FIELDTURF's goods in the synthetic-turf industry.**

### Response to Request No. 123.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, harassing and vexatious. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor necessary to the prosecution or defense of this action.

**Request No. 124.  All documents concerning any recognition by a third party of any of the EVOLUTION Marks as being associated with TENCATE, FIELDTURF, or any other source.**

### Response to Request No. 124.

FieldTurf objects to this Request on the grounds that it is overly broad, vague and ambiguous. To the extent this Request seeks documents reflecting a third party's association of Duraspine, Duraspine Pro or Prestige with TenCate or FieldTurf, FieldTurf will produce any non-privileged responsive documents responsive to the Request. To the extent that there are documents reflecting a third party's association of the Evolution Marks with TenCate or FieldTurf, FieldTurf has no such documents in its possession, custody or control because FieldTurf did not use the Evolution Marks in selling TenCate's products to its customers.

**Request No. 125.  All documents concerning any recognition by a third party of the REVOLUTION mark as being associated with TENCATE, FIELDTURF, or any other source.**

### Response to Request No. 125.

FieldTurf objects to this Request on the grounds that it is overly broad, vague and ambiguous. Subject to these objections, FieldTurf will produce all non-privileged documents responsive to this Request.

**Request No. 126.  All documents concerning communications from any third party concerning goods offered for sale or sold under the REVOLUTION mark, including any customer complaints, returns, requests for refund, or the like.**

### Response to Request No. 126.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, harassing and vexatious. FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege or the work product doctrine.

**Request No. 127.** **All documents concerning actual or threatened litigation involving trademark infringement, trade dress infringement, or unfair competition claims asserted by or against FIELDTURF, including without limitation any cease-and-desist or demand letters, pleadings, court orders, and settlement agreements.**

### Response to Request No. 127.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, harassing and vexatious. FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege or the work product doctrine. FieldTurf further objects to this Request on the ground that it seeks documents available in the public domain.

**Request No. 128.** **All documents concerning actual or threatened litigation from FIELDTURF customers involving Evolution Fibers or Evolution Turf, including but not limited to demand letters, pleadings, court orders, and settlement agreements.**

### Response to Request No. 128.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests. FieldTurf further objects to this Request on the ground that it seeks documents that are available in the public domain. FieldTurf further objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege or the work product doctrine. Subject to these objections, FieldTurf will produce non-privileged documents responsive to this Request.

**Request No. 129.**  **Curriculum vitae, resume, or summary of credentials of any and all persons who have been retained or might otherwise testify as an expert witness at the trial of this cause on behalf of FIELDTURF.**

### Response to Request No. 129.

FieldTurf objects to this Request on the grounds that it is overly broad, vague and ambiguous.  Subject to these objections, FieldTurf will produce the curriculum vitae for any person that it has engaged to testify as an expert witness in the trial of this matter.

**Request No. 130.**  **Reports, summaries of findings, or any and all other documents generated by any such expert(s)as defined in the preceding paragraph with regard to this case.**

### Response to Request No. 130.

FieldTurf objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege or work product doctrine. FieldTurf further objects to this Request on the ground that it is premature. FieldTurf will produce expert reports at the time and in the manner specified by Rule 26 of the Federal Rules of Civil Procedure.

**Request No. 131.**  **Retainer   contracts,   correspondence,   memoranda   of agreement, or any and all other written documents which evidence the basis of payment for the services of any such expert(s) as defined in the preceding paragraphs (including rate, fee, charges, and the like).**

### Response to Request No. 131.

FieldTurf objects to this Request on the ground that it is overly broad.  FieldTurf further objects to this Request on the grounds that it is premature and seeks documents that are protected from disclosure by the attorney-client privilege or the work product doctrine.  TenCate will be entitled to question FieldTurf's experts concerning the scope of their engagement and nature of their compensation when expert discovery commences in this matter.

**Request No. 132.**  **All reports from any and all opinion witnesses who Plaintiff may call to testify at the trial of this matter.**

### Response to Request No. 132.

FieldTurf objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege or work product doctrine. FieldTurf further objects to this Request on the ground that it is premature. FieldTurf will produce reports from any opinion witnesses at the time and in the manner specified by Rule 26 of the Federal Rules of Civil Procedure.

**Request No. 133.** **Copies of any and all communications of any kind between each opinion witness and FIELDTURF, FIELDTURF' counsel or other agents of the FIELDTURF.**

### Response to Request No. 133.

FieldTurf objects to this Request on the grounds that it is harassing, vexatious and seeks documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

**Request No. 134.** **Copies of all notes or other writings generated by each opinion witness regarding his/her review, whether or not delivered to FIELDTURF, including billing records.**

### Response to Request No. 134.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, harassing and vexatious.  FieldTurf further objects to this Request on the grounds that it seeks documents that are neither material nor necessary to the prosecution or defense of this action and that are protected from disclosure by the attorney-client privilege or work product doctrine.

**Request No. 135.** **Copies of all transcripts of deposition or trial testimony of each opinion witness in the possession or control of FIELDTURF, FIELDTURF' counsel or other agents of the FIELDTURF, including each expert.**

### Response to Request No. 135.

FieldTurf objects to this Request on the ground that it is overly broad and premature.  FieldTurf further objects to this Request on the ground that it seeks

documents that are neither material nor necessary to prosecution or defense of this action.

**Request No. 136.**  **Any and all documents or tangible item that is responsive to the interrogatories submitted to any PLAINTIFF by any DEFENDANT.**

### Response to Request No. 136.

FieldTurf objects to this Request on the grounds that it is overly broad, vague and ambiguous.  FieldTurf further objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege or work product doctrine.  Subject to these objections, FieldTurf will produce non-duplicative, non-privileged documents that are referenced in its responses to the interrogatories served upon FieldTurf on October 17, 2011.

**Request No. 137.**  **All documents not responsive to a prior request that were reviewed or relied upon by FIELDTURF in drafting the Complaint against TENCATE, or that support the allegations of said complaint.**

### Response to Request No. 137.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and duplicative of other Requests.  FieldTurf further objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

**Request No. 138.**  **Any and all documents, papers, tangible objects, or physical evidence that FIELDTURF intends to introduce into evidence or to use at the trial of this cause.**

### Response to Request No. 138.

FieldTurf objects to this Request on the ground that it is premature.  FieldTurf will make pre-trial disclosures at the time and in the manner specified by Rule 26 of the Federal Rules of Civil Procedure.

**Request No. 139.**  **All articles, treatises, books, texts, literature records, charts, tests, writings, data, standards, guidelines, by-laws, rules and regulations,**

statutes, investigation and other documents that may be used at any deposition of TENCATE or fact witnesses, or at the time of trial of this cause.

### Response to Request No. 139.

FieldTurf objects to this Request on the ground that it is overly broad, vague, ambiguous, unduly burdensome and premature. FieldTurf further objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or work product doctrine. FieldTurf further objects to this Request on the ground that it seeks to impose obligations that are not required by the Federal Rules of Civil Procedure. FieldTurf will make pre-trial disclosures at the time and in the manner specified by Rule 26 of the Federal Rules of Civil Procedure.

**Request No. 140.** All articles, treatises, books, texts, literature, records, charts, tests, writings, data, standards, guidelines, by-laws, rules and regulations, statutes, investigations and other documents not previously requested that supports any allegation made against TENCATE.

### Response to Request No. 140.

FieldTurf objects to this Request on the ground that it is overly broad, vague, ambiguous, unduly burdensome. FieldTurf further objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or work product doctrine. FieldTurf further objects to this Request on the ground that it seeks to impose obligations that are not required by the Federal Rules of Civil Procedure.

**Request No. 141.** A list of the titles, publishers and authors of each periodical, text, handbook, standard, code, government publication, industry publication, engineering or architectural publication, or other purportedly authoritative written work or document or standard which may be used or intended to be used to examine or cross-examine parties, employees, experts or witnesses of the FIELDTURF or TENCATE which may be used or intended to be used in support of or to impeach testimony or evidence. State further date of publication of each such document.

**<u>Response to Request No. 141.</u>**

FieldTurf objects to this Request on the ground that it is overly broad, vague, ambiguous, unduly burdensome and premature.  FieldTurf further objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or work product doctrine.  FieldTurf further objects to this Request on the ground that it seeks to impose obligations that are not required by the Federal Rules of Civil Procedure.  FieldTurf will make pre-trial disclosures at the time and in the manner specified by Rule 26 of the Federal Rules of Civil Procedure.

**<u>Request No. 142.</u> All documents with reference to or written policies and guidelines related to the FIELDTURF' computers, computer systems, electronic data and electronic media including, but not limited to, the following:**

- a.   **Backup tape rotation schedules;**

- b.   **Electronic data retention, preservation, and destruction schedules;**

- c.   **Employee usage policies for company computers, telephones, and other technology;**

- d.   **File naming conventions and standards;**

- e.   **Password, encryption, and other security protocols;**

- f.   **Email storage conventions (e.g. limitations on mailbox sizes/storage locations; schedule and logs for storage);**

- g.   **Electronic media deployment, allocation, and maintenance procedures for new employees, current employees, and departed employees;**

- h.   **Software and hardware upgrades (including patches) for the past three years up to and including the date the party's response is served; and**

i.    **Personal and home computer usage policies for work-related activities.**

### Response to Request No. 142.

FieldTurf objects to this Request as overly broad and unduly burdensome. FieldTurf further objects to this Request on the ground that it seeks documents that are neither material nor relevant to the prosecution or defense of this action. Subject to these objections, FieldTurf will produce copies of any written policies concerning the above-referenced topics.

**Request No. 143.** **If the FIELDTURF and/or their attorneys or agents know of the location of any documents or item(s) requested, even though they are not in the attorney's or party's current possession, identify the location, custodian, and nature of such responsive documents or items.**

### Response to Request No. 143.

FieldTurf objects to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, harassing, vexatious and is not, in fact, a document request. FieldTurf further objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or work product doctrine. FieldTurf further objects to this Request on the ground that it seeks to impose obligations that are not required by the Federal Rules of Civil Procedure.

Dated: October 31, 2011
      Atlanta, Georgia


NATIONS, TOMAN & MCKNIGHT LLP

Charles K. McKnight, Jr.
Georgia Bar No. 495810
Gary J. Toman
Georgia Bar No. 714651

1230 Peachtree Street, NE, Suite 2050
Atlanta, Georgia 30309
(404) 266-2366
cmcknight@ntmlaw.com
gtoman@ntmlaw.com

-and-

FRIEDMAN KAPLAN SEILER &
    ADELMAN LLP
Bruce S. Kaplan
Katherine L. Pringle
Amy C. Brown
Lindsey R. Skibell
7 Times Square
New York, N. Y. 10036
(212) 833-1100

*Attorneys for Plaintiffs*

61

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

------------------------------------------------------------x

FIELDTURF USA INC., FIELDTURF INC.,      :
and  FIELDTURF TARKETT SAS,              :
                                         : CIVIL ACTION FILE
                         Plaintiffs,     :
              - against -                : NO.: 4:11-CV-0050
                                         :
TENCATE THIOLON MIDDLE EAST, LLC         :
f/k/a MATTEX LEISURE INDUSTRIES,         :
POLYLOOM CORPORATION OF AMERICA          :
d/b/a TENCATE GRASS NORTH AMERICA,       :
and TENCATE THIOLON B.V.,                :
                                         :
                         Defendants.     :

------------------------------------------------------------x

## CERTIFICATE OF SERVICE

I do hereby certify that I have this 31st day of October, 2011 caused a true

and correct copy of the foregoing Plaintiff's Objections and Responses to

Defendants' Requests for Production Directed to Plaintiffs to be served by e-mail

and U.S. Mail upon:

       James F. Bogan III
       KILPATRICK TOWNSEND
       Suite 2800
       1100 Peachtree Street
       Atlanta, GA 30309-4528
       (404) 815-6467
       Fax (404) 541-3133
       jbogan@kilpatricktownsend.com

William Cremer
Thomas R. Pender
CREMER, SPINA, SHAUGHNESSY, JANSEN &
SIEGERT, LLC
180 North LaSalle Street, Suite 3300
Chicago, Illinois 60601
(312) 726-3800

*Attorneys for Defendants*

NATIONS, TOMAN & MCKNIGHT LLP

/S/ Charles K. McKnight, Jr.
Charles K. McKnight, Jr.
Georgia Bar No. 495810
Gary J. Toman
Georgia Bar No. 714651
1230 Peachtree Street, NE, Suite 2050
Atlanta, Georgia 30309
(404) 266-2366
cmcknight@ntmlaw.com
gtoman@ntmlaw.com